Matter of the Estate of EDWARD ACKLEY, Deceased.

(Surrogate's Court, New York County, November, 1920.)

*Executors and administrators — ancillary administration — disapproval of secret stipulations entered into between parties interested in the estate — report of referee confirmed.*

PROCEEDINGS upon the accounting of an ancillary administratrix.

Julius H. Beckwith, for administratrix.

Wood, Cooke & Seitz, for objectant.

FOLEY, S. An examination of the testimony and exhibits before the referee clearly sustains the findings of fact and conclusions of law that the sum of $3,681.97 was paid with the full knowledge of the attorneys for Matilda A. Donoho, the objectant, in full settlement of her share of the Segal claim, and that the settlement .was ratified and confirmed by them in her behalf. It moreover appears from the testimony of Mr. Bouvier that the settlement was an advantageous one for all the parties interested. The report of the referee is therefore confirmed, with the exception of (1) subdivision C of finding of fact 19 and conclusion of law 8 based thereon, and the latter conclusion is modified by reducing the allowance for services rendered by the New York attorneys for the administratrix in the collection of Whiteside mortgage to fifty dollars; (2) the computation of commissions appears to be incorrect and the conclusion of law 2 is overruled. The amount of commissions should be determined upon the settlement of the decree.

Finally, in disposing of this matter the court desires to express its emphatic disapproval of the secret stipulations entered into between the parties prior to the entry of the decree of this court of February 24, 1913. The decedent left him surviving his widow and one sister, Matilda A. Donoho. Original letters of administration were issued to the widow in Connecticut, where the decedent last resided. The widow was also appointed ancillary administratrix in New York state. The sister made claim against the estate for the sum of approximately $92,000, the nature of which has not been disclosed in any of the proceedings. The entire estate was much less than the amount of this

claim. On January 31, 1913, just prior to the submission of the prior accounting by the ancillary administratrix, the widow and sister entered into an agreement providing that, in consideration of the allowance of the claim in the full amount by the ancillary administratrix, the sister and widow would divide the estate equally. The agreement further recited that the settlement was made in anticipation of the entry of the decree. This stipulation was concealed from the surrogate, and the decree entered on February 24, 1913, upon the prior accounting, directed payment of the entire proceeds of the estate, including the amount of the Segal claim when collected, to the sister as a creditor. The consent to the entry of the decree was subscribed and acknowledged by both the widow and the sister, and the consent further provided: " It being particularly understood that the following items set forth therein are correct, namely, the disposition of the claim against Adolph Segal as set forth therein.'' This consent to the entry of the decree was dated February 18, 1913, which was eighteen days after the agreement between the administratrix and Matilda A. Donoho to divide the whole estate, and particularly the Segal claim, equally between them. The evil results of permitting secret agreements in the settlement of an estate, involving the allowance of a claim by the administratrix larger than the entire estate, whereby the rights of other creditors and other distributees would be prejudiced, are apparent. Under such agreements, too, the state of New York, or the state of decedent's domicile, would be defrauded of the payment of the transfer tax justly due. The division of the funds paid on the sister's claim served to conceal the actual transfer of a large amount to the widow. In the present estate the transfer tax to the state of Connecticut appears from the order in evidence, dated March 20, 1913, to have been underpaid. That order reads: " Upon

the accounting of the administratrix ·of said estate, it appearing to and being found by this court that all the personal assets have been paid and expended *in the payment of claims* and expenses of administration in this state and elsewhere," and further recited, " that the widow's share therein being less than $10,000 is exempt." It appears that the widow received approximately $30,000 as her share of the estate. Section 2735 (former section ·2743) of the Code of Civil Procedure, provides that a decree on a judicial settlement of an account " must direct the payment and distribution thereof to the persons so entitled according to their respective rights." The suppression of this agreement, prior to the entry of a decree (entirely inconsistent with its terms), might well induce the court in this proceeding to leave the parties where it finds them and allow them to disentangle themselves from the meshes in which they have become involved by their agreement. *Hocking Valley R. R. Co.* v. *Barbour,* 190 App. Div. 341; *Barry* v. *Mulhall,* 162 id. 749, 751. The result, however, in this proceeding is the same, and in order to make final disposition of the issues between the parties the report of the referee has been confirmed as indicated above.

Ordered accordingly.